UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Justin Gonzales,<br><br>    Plaintiff,<br>vs.<br><br>The Guardian Life Insurance Company of America<br><br>    Defendant. | Case No. 0:22-cv-21<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Guardian Life Insurance Company of America may be found in this district. In particular, The Guardian Life Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant The Guardian Life Insurance Company of America insures employee benefit plan ("Plan") that J. R. Setina Manufacturing Co. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant The Guardian Life Insurance Company of America is a corporation organized and existing under the laws of the State of New York for The Guardian Life Insurance Company of America, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of J. R. Setina Manufacturing Co. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number G-00459372 which was issued by The Guardian Life Insurance Company of America to J. R. Setina Manufacturing Co. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, The Guardian Life Insurance Company of America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Guardian Life Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. The Guardian Life Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13. Plaintiff became disabled under the terms of the Plan's policy on or about February 27, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14. Plaintiff submitted a timely claim to The Guardian Life Insurance Company of America for disability benefits.

15. The Guardian Life Insurance Company of America granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until November 9, 2020. However, on November 9, 2020 The Guardian Life Insurance Company of America cancelled Plaintiff's disability benefits. Plaintiff appealed The Guardian Life Insurance Company of America decision, but The Guardian Life Insurance Company of America denied Plaintiff's appeal on December 20, 2021.

16. Plaintiff provided The Guardian Life Insurance Company of America with substantial medical evidence demonstrating he was eligible for disability benefits.

17. The medical evidence Plaintiff provided included an Independent Medical Examination (IME).

18. The IME noted that Plaintiff ambulates with the assistance of a wheelchair and a cane.

19. The IME further noted that Plaintiff was only able stand for 45 seconds with the use of a cane.

20. The medical evidence Plaintiff provided also medical records from Brian W. Harvey, ARNP and Sea Mar Community Health Centers.

21. Brian W. Harvey concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

22. Brian W. Harvey concluded Plaintiff could not sustain sedentary exertion throughout a full-time work schedule due to Plaintiff's continuous chronic pain, myalgias, arthralgias, back pain, and neck pain.

23. While The Guardian Life Insurance Company of America has the authority to make claims determinations under applicable law and the language of the Policy, The Guardian Life Insurance Company of America's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determinations must be made *de novo.*

24. As a full de novo review of this decision and the evidence in the claim file is required by statute, this Court should not abrogate its duty to perform such a review. Any failure to provide such a review would deprive Plaintiff of constitutional rights.

25. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Guardian Life Insurance Company of America's termination of benefits must be overturned due to the faulty evaluation, and an examination of the record, which reveals that Guardian Life Insurance Company of America's decision to discontinue benefits is not the result of a reasoned process and that it is therefore, arbitrary and capricious.

26. The Guardian Life Insurance Company of America's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. The Guardian Life Insurance Company of America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. The Guardian Life Insurance Company of America relied on the opinion of a medical professional who was financially biased by his/her relationship with The Guardian Life Insurance Company of America and as such unable to offer an unbiased opinion;

6

  c. The Guardian Life Insurance Company of America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

  d. The Guardian Life Insurance Company of America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

  e. The Guardian Life Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

  f. The Guardian Life Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

27. Under the terms of the Plan, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

28. The decision to terminate benefits was wrong under the terms of the Plan

29. In the alternative, The Guardian Life Insurance Company of America abused its discretion in terminating Plaintiff's claim because the decision to deny benefits was not supported by substantial evidence in the record.

30. The Guardian Life Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

31. The Guardian Life Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from November 9, 2020 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

32. The Guardian Life Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

33. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Guardian Life Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 1/05/2022  RESPECTFULLY SUBMITTED,

By: /s/ Blake Bauer

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*